### 28655. UNITED STATES FIDELITY AND GUARANTY COMPANY *v.* SCHWALBE.

DECIDED FEBRUARY 24, 1941.

*Abrahams, Bouhan, Atkinson & Lawrence, A. F. Solms Jr.,* for plaintiff.

*McLaws, McLaws & Brennan,* for defendant.

SUTTON, J. United States Fidelity and Guaranty Company brought suit against H. L. Schwalbe, alleging that on March 14, 1931, the plaintiff became surety on a contractor's bond in the State of Texas, in the amount of $345,848.18, entered into by the defendant as an individual trading in the name of Interstate Contracting Company; that the bond was executed and delivered to the State Highway Commission of the State of Texas for the faithful performance in the construction of a highway in Lubbock County, Texas; that on February 28, 1931, the defendant entered into an indemnity agreement in which he covenanted and agreed to indemnify the plaintiff and save it harmless against all loss, cost, and damage sustained or incurred by reason of the act, default, or neglect of said principal, or on account of claims made under or in connection with the said bond, agreeing to repay the plaintiff all such loss, cost, and damage as shown by the second paragraph of the indemnity agreement, a copy of which was attached to the petition, marked "Exhibit A" and made a part thereof; that the defendant further agreed and covenanted that the vouchers or other evidences of payments by the plaintiff under its obligations of suretyship would be conclusive evidence of the fact and extent of the liability of the defendant to the plaintiff under said obligation; that on October 22, 1931, Charles H. Read, agent of the plaintiff at Lubbock, Texas, was served with a copy of suit for damages in the total amount of $77,500 by Mrs. Claude Eubanks, a feme sole, individually and as next friend to her minor child, Betty Jane Eubanks, and J. N. Eubanks and his wife, Alice Eubanks, against H. L. Schwalbe, doing business as Interstate Contracting Company, the plaintiff herein, the P. & S. F. Railway Company, in which the plaintiff herein was required to be and appear at the 99th district court, Lubbock County, Texas, on November 2, 1931, to answer the plaintiff's complaint; that said suit was for the wrongful death of Fletcher S. Eubanks which, it was alleged, occurred on April 9, 1931, on the highway being constructed by the defendant in Lubbock County, Texas, when

Fletcher S. Eubanks ran into an excavation which was improperly and negligently guarded and posted; that the plaintiff was thereby caused to consult and employ counsel for the defense of said suit in order to prevent the same from being adjudged in default; that said attorneys filed a general demurrer and exceptions in said suit on behalf of the plaintiff; that the district court of Lubbock County, Texas sustained the general demurrer; that the plaintiffs in said suit excepted to the judgment of the court and filed an appeal to the Court of Civil Appeals for the Seventh Supreme Judicial District of Texas, which court, on December 14, 1932, reversed the ruling of the trial court, holding that the general demurrer and exceptions should not have been sustained; that a motion for rehearing, filed on behalf of the plaintiff herein, was overruled on January 11, 1933, but on November 12, 1935, the Supreme Court of Texas reversed the ruling of the Court of Civil Appeals, rendering judgment in favor of the plaintiff herein, and on January 8, 1936, a motion for rehearing in said case was overruled; that by reason of the defense of the aforesaid suit the plaintiff incurred expense and expenditures for court costs, attorneys' fees, bond expense, etc., as per itemized list in the petition and copies of drafts issued in payment thereof, attached to the petition, amounting to $925.26; that in consideration of the plaintiff executing, as surety for him, the contractor's bond to the State of Texas, the defendant entered into an indemnity bond as alleged above, a copy of which was attached to the petition as an exhibit and made a part of the petition, by the terms of which he agreed to indemnify and repay to the plaintiff any expense, costs, and damage; that by reason of the aforesaid suit the plaintiff incurred the expenses, costs, and fees in the total amount of $925.26, and, under the indemnity agreement aforesaid, is entitled to recover this sum from the defendant. Judgment was prayed accordingly.

The condition of the contractor's bond was as follows: "The condition of this obligation is such that if the said bounden principal, Interstate Contracting Company, shall in all things well and truly perform all the terms and conditions of the foregoing contract, to be by him performed, and within the time therein mentioned, and shall pay all lawful claims for labor performed and materials furnished in and about the construction of said road and shall have paid and discharged all liabilities for injuries which

have been incurred in and about the said construction, under the operation of the statutes of the State, then this obligation is to be void; otherwise to be and remain in full force and virtue." In the indemnity agreement, as shown by the copy attached to the petition, it was provided: "That, in further consideration of its becoming surety as above, the said principal does hereby covenant and agree to indemnify the said company, and save it harmless against all loss, cost, damage, charge and expense, including court costs and counsel fees at law or equity, that may accrue to it, whether sustained or incurred by reason of the act, default or neglect of said principal, or on account of claims made under or in connection with the said bond, or any extension or continuation thereof, or in connection with any collateral deposited thereunder; hereby agreeing to repay to said company all such loss, cost, damage, charge and expense, including the fees or other compensation and expense of any and all attorneys and agents employed by it to investigate or adjust such claims, and further agreeing to pay to the company all cost, charge and expense, including court costs and counsel fees, incurred by the company in enforcing this agreement of indemnity by suit or otherwise." The defendant demurred generally on the ground, among others, that the petition did not set forth a cause of action. The trial court sustained the demurrer on this ground. The plaintiff excepted.

Counsel for the plaintiff accurately state that the issue here involved is whether or not the suit, in connection with which the surety sustained certain expense here sued for, was a claim which was "made under or in connection with the contractor's bond" as the quoted language is used in the indemnity agreement. We do not, however, agree with the contention that any claim, however unmeritorious, made or asserted as being under or in connection with the bond, according to the view of the claimant, would be one which if the surety sustained expense in defending it, would subject the indemnitor to liability to repay the surety for such incurred expense. It is axiomatic that the cardinal rule of construction of a contract is to ascertain the intention of the parties. Code, § 20-702. It is equally well established in law that in arriving at its true interpretation all the attendant circumstances may be considered. § 20-704. Hence the contractor's bond set forth in the petition may properly be considered in determining the

scope of the contractor's indemnity agreement. The two instruments must be treated together. The contractor's bond was executed to the State of Texas. It provided that to end its obligations the contractor shall have performed all of the terms and conditions of his contract with the State Highway Commission for the construction of a highway in Lubbock County, Texas. within the time specified, must have paid all lawful claims for labor performed and materials furnished "in and about" the construction of said road, and shall have paid and discharged all liabilities for injuries which have been incurred "in and about" the construction of the road. Obviously the words "construction of the road," mean the act of building or improving the road, and do not refer to the physical location or roadway. The word "about" must be taken in a sense similar to that of the word "in," as used in connection with "construction of the road," just as it is used when one says "he is about his business," meaning that a person is attending to his business, and not that such person is at or in the neighborhood of his business. Necessarily, too, the word "construction" has the same meaning after the word "about" as it does after the word "in." The last-mentioned liability, therefore, is one for injuries to persons sustained or incurred while they are engaged in the work of constructing the road. Clearly the bond did not purport to attach as a condition of discharge from the obligations of the bond the payment for *any injuries* which might be sustained, such as, for example, an injury sustained by a *traveler* in using the highway during the course of its construction.

In connection with this bond the contractor, to obtain the plaintiff as surety, entered into an indemnity agreement under which he bound himself to save the surety harmless against all loss, cost, damage, charge and expense, including court costs and counsel fees at law or equity, that might accrue to it, not only where sustained or incurred by reason of the act, default, or neglect of the contractor, but on account of claims made *under or in connection with* the said bond, the indemnitor agreeing to repay to the surety all such loss, cost, damage, charge and expense, including the fees or other compensation and expense of any and all attorneys and agents employed by it to investigate or adjust *such claims*. It is argued by the plaintiff that it was faced with a lawsuit which it could not reasonably ignore, and that it acted wisely in defending against it.

as witness the ruling adversely to it by the Texas Civil Court of Appeals before it finally obtained a favorable judgment by the Supreme Court of Texas. We may readily denominate as prudent the surety's act in thus protecting itself, and yet not be prepared to hold that the expense it incurred was such as the indemnitor should repay. Under the obligation assumed in the present case we do not think that he is bound. His contract of indemnity does not bind him to repay the surety for expenses incurred by it in a suit which some litigant might erroneously assume is made or brought under the bond of the contractor. He obligated himself to repay the surety for expense, etc., incurred by it in "such claims" as are, besides those for his act, default, or neglect, made *under or in connection with* the bond. As hereinbefore pointed out, an injury sustained on the highway being constructed by the contractor is not something which was within the contemplation of the contractor's bond. Hence a suit for an injury on the highway, resulting in the death of the motorist, as detailed in the petition, was not one which was made under or had any connection with the contractor's bond, although mistakenly brought on that theory, but, properly described, was one for an injury arising out of a matter wholly without the purview of the contractor's bond; and accordingly the expense sustained by the surety in defending it was not such as the surety was indemnified against. The petition did not set forth a cause of action, and the court did not err in sustaining the defendant's general demurrer. No case in point has been decided by the appellate courts of this State, and the rulings in the authorities cited by the plaintiff in error are not contrary to what we here hold.

*Judgment affirmed. Felton, J., concurs. Stephens, P. J., dissents.*